UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:13 CR 364 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| SAED WAHDAN, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter comes before the Court upon Defendant Saed Wahdan's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and to Review 18 U.S.C. § 3742(a)(2). (ECF #67.) The Government filed a Response in Opposition to Defendant's Motion. (ECF #68).

On September 23, 2013, Mr. Wahdan entered a plea of guilty to three counts: Conspiracy to Commit Food Stamp Fraud, in violation of 18 U.S.C. § 371 (Count 1); Food Stamp Fraud, in violation of 18 U.S.C. § 2024(b) (Count 2); and Unlawful Redemption of Food Stamps, in violation of 18 U.S.C. § 2024(c) (Count 3). Mr. Wahdan was subject to a base offense level of 7 under U.S.S.G. § 2B1.1, but he received a twelve-level enhancement for loss amount under U.S.S.G. § 2B1.1(b)(1), and an additional eight-level increase for various roles in the offense. He also received a three-level deduction for acceptance of responsibility, resulting in a total offense level of 24 and a criminal history category of I. He was sentenced to 54 months imprisonment, which fell within the guidelines range of 51 to 63 months, and was ordered to pay $200,000 in joint and several restitution.

On November 1, 2015, the Sentencing Commission amended the fraud loss table which provided the basis for Mr. Wahdan's twelve-level enhancement. The Commission, however, did not make this amendment retroactive. If an amendment is not listed under U.S.S.G. § 1B1.10(d), it is not retroactive. Where the Sentencing Commission has not made a guidelines amendment retroactive, a defendant may not obtain relief under Section 3582(c). *See, e.g., United States v. Dullen*, 15 F.3d 68, 69 (6th Cir. 1994). This Court has no jurisdiction to lower a sentence under 18 U.S.C. § 3582(c)(2) if the sentence was based on a guidelines range that was not subsequently lowered and made retroactively applicable to prior final judgments. Consequently, Mr. Wahdan is not eligible for sentence reduction.

Mr. Wahdan additionally argues that, for the purpose of calculating his enhancement under U.S.S.G. § 2B1.1(b)(1), "the actual loss amount should be applied jointly and several . . . $100,000 for each defendant." (ECF #67, PageID 540). As the Government observes, this "argument appears to confuse loss amount and restitution." (ECF #545). Under U.S.S.G. § 2B1.1(b)(1), the relevant number is the calculated loss amount, not the amount of restitution. The amount of the joint and several restitution ordered paid has no bearing on the calculated loss amount or on the fraud loss enhancement. As such, Mr. Wahdan's sentence is not eligible for review under 18 U.S.C. § 3742(a)(2) because there was no error in the calculation of his fraud loss enhancement.

The Court is unaware of any other basis upon which Mr. Wahdan could qualify for a reduction or modification of his sentence. For these reasons, Mr. Wahdan's Motion (ECF #67) is DENIED.

                                                                */s/ Donald C. Nugent*
                                                                DONALD C. NUGENT
                                                                United States District Judge

DATED: *January 25, 2017*